IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Carly Ryals, | ) | Civil Action No. 2:17-cv-2185-RMG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| City of Hanahan, Sgt. Dodd, Sgt. Elwood, Officer Norton, and Officer Altman | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 37) recommending that the Court grant in part and deny in part Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Dkt. No. 22), and remand the remaining state law claim. Plaintiff filed objections. (Dkt. No. 38.) For the reasons set forth below, the Court adopts the R & R, and grants in part and denies in part Defendants' Motion for Summary Judgment and remands the remaining state law claim.

I. **Background**

On May 27, 2014, Julie Welch, who was previously in a relationship with Plaintiff Carly Ryals, called the Hanahan Police Department and requested a no trespass notice. (Dkt. No. 32 at ¶ 9.) Officer Ronnie Scheetz advised Plaintiff over the phone not to contact Welch and that he was being placed on notice. (Dkt. No. 22-9 at 3.) On June 5, 2014, Officer Travis Dodd met with Welch who stated that Plaintiff was still repeatedly contacting her. (Dkt. No. 22-10.) Welch presented a detailed log of contact between herself and Plaintiff. (Dkt. No. 22-11.) On June 17, 2014, the police were again called to Welch's house as Plaintiff was on her property. The police arrived and found Plaintiff on her property refusing to leave. (Dkt. 22-15.) Plaintiff was arrested for trespass after notice, and was served with a summons for the prior unlawful communication.

(Dkt. Nos. 22-12; 22-15.) A judge found there was probable cause of unlawful communication to support an arrest warrant. (Dkt. No. 22-14.) Plaintiff was found guilty of unlawful communication and trespass after notice on September 25, 2014. (Dkt. Nos. 22-3; 22-8.)

On July 15, 2014, a one year restraining order was issued against Plaintiff. (Dkt. No. 22-16.) Police reported to Welch's residence on both August 24, 2014, and August 30, 2014, in response to Plaintiff's presence. (Dkt Nos. 22-17 – 22-20.) A judge found probable cause to issue an arrest warrant for both incidents. (*Id.*) Plaintiff was found guilty for both violations of the restraining order on December 10, 2014, during a hearing at which he was not present. (Dkt. No. 22-8; 32-14.) Defendants allege that Plaintiff refused transport, Plaintiff alleges that he did not refuse transport and instead Defendants simply did not transport him. (Dkt. No. 32-14; 22-5.)

Plaintiff brings an action under 42 U.S.C. § 1983 for false imprisonment. (Dkt. No. 1-1 at 72 – 74.) Plaintiff additionally brings claims under state law for malicious prosecution and abuse of process for failing to transport Plaintiff to the court on December 10, 2014. (*Id.* at 74 – 75.) On June 15, 2018, Defendants brought a motion to dismiss, or in the alternative a motion for summary judgment and Plaintiff responded. (Dkt. Nos. 22, 32.) The Magistrate Judge recommended dismissing Plaintiff's claims under § 1983 and for malicious prosecution, and remanding the remaining claim to state court. (Dkt. No. 37.) Plaintiff filed objections. (Dkt. No. 38.)

## II. Legal Standard

### A. Summary Judgment[1]

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of

---

[1] Pursuant to Fed. R. Civ. P. 12(d), because both parties presented matters outside of the pleadings, Respondent's motion is treated as one for summary judgment.

law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

B. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff filed objections and therefore the R & R are reviewed de novo.

### III. Discussion

#### A. § 1983 Claim for False Imprisonment

As the Magistrate Judge ably found, Plaintiff's § 1983 claims fail. To begin with, Plaintiff represented that his § 1983 claim against the Defendant City should be dismissed. (Dkt. No. 32 at 24.) Regarding the claims against the remaining defendants, to establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014). "To prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that she was violating the [law]." *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002). Plaintiff has been unable to identify any facts showing that the officers lacked probable cause to effectuate the arrests. Probable cause existed as to each of the charges on which Plaintiff was arrested, as demonstrated by the ample evidence of unlawful communication submitted by Welch, each of the police reports, and the findings of probable cause from a judge. Indeed, Plaintiff does not identify any facts disputing the June 5, 2014 unlawful communication, June 17, 2014, trespass after notice or violations of the restraining order in August 2014. (Dkt. No. 32 at 7 – 14.) Therefore, Plaintiff cannot make out a claim for false arrest or false imprisonment.

Furthermore, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. *See also Key v. Miano*, No. C.A. 1:11-1613-DCN-S, 2012 WL 5398194, at *2 (D.S.C. Oct. 10, 2012), *report and recommendation adopted*, No. C.A. 1:11-1613 DCN, 2012 WL 5398191 (D.S.C. Nov. 2, 2012), *aff'd*, 515 F. App'x 203 (4th Cir. 2013) (applying *Heck* to bar claims of false arrest, false imprisonment and malicious prosecution).

Here, Plaintiff's § 1983 claim necessarily implies the invalidity of the underlying convictions since he argues that his communication with Welch and presence at her house was proper. However, there is no evidence that his conviction or sentence have been invalidated, and instead Plaintiff was found guilty of the unlawful communication charge and trespass after notice charge on September 25, 2014, and was found guilty on the two violating the restraining order charges on December 10, 2014. Finally, Defendants' alleged failure to read Plaintiff his *Miranda* rights does not raise a claim under § 1983. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Therefore, Defendants are entitled to summary judgment on Plaintiff's §1983 claim.

### B. Malicious Prosecution

While state law claims may be remanded to state court after dismissal of a § 1983 claim, Plaintiff's claim for malicious prosecution relies on essentially the same law and facts. Therefore, for the purpose of judicial economy, the Court exercises its supplemental jurisdiction. "To maintain an action for malicious prosecution, plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage." *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965). As above, Plaintiff has not shown that any of the

relevant criminal charges have been terminated in Plaintiff's favor, and instead the record shows that Plaintiff either pled guilty or was found guilty of each charge. *See also Heck v*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Furthermore, there is no evidence of lack of probable charge. Therefore, Defendants are entitled to summary judgment on Plaintiff's claim for malicious prosecution.

### C.     Abuse of Process

Plaintiff's abuse of process claim, however, should be remanded to the state court. The tort of abuse of process is intended to compensate a party for harm resulting from another party's misuse of the legal system." *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014). Since the Plaintiff's sole federal claim has been dismissed, the Court looks to the factors articulated in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) to determine whether it should exercise jurisdiction in this matter. In his abuse of process claim, Plaintiff alleges that the Defendants failed to pick him up for his December 10, 2014, court date and lied about picking him up, causing him to be found guilty of violating the restraining order. This state law claim is factually distinct from the §1983 false imprisonment claim and focuses on what occurred regarding Plaintiff's transportation on December 10, 2014. There are no issues of judicial economy weighing against remand as discovery is complete and the case is pending resolution. Convenience and fairness also do not weigh against remand as the case will still be tried in South Carolina and all parties are citizens of South Carolina. Finally, it is appropriate for the state court to rule on this state law claim as no federal claims remain. Therefore, the Court will remand the abuse of process claim to state court.

### IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R. (Dkt. No. 37.) Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Dkt. No. 22) is **GRANTED IN PART AND DENIED IN PART.** Defendant's Motion is **GRANTED** as to Plaintiff's Count I under 42 U.S.C. § 1983 and Count III for Malicious Prosecution. Plaintiff's Count II for Abuse of Process is **REMANDED** to state court. As Count II is remanded to state court, Defendant's Motion is **DENIED AS MOOT** as to Count II.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 2͞0͞, 2018
Charleston, South Carolina